IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALETHA RAY-SAMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2967-E-BN |
| | § | |
| UPLIFT EDUCATION and | § | |
| SHAQUELA FORD, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See* Dkt. No. 1.

The following motions are pending before the Court:

- Plaintiff Aletha Ray-Sampson's Motion for Partial Summary Judgment [Dkt. No. 36];

- Ray-Sampson's Motion to Strike Portions of Declaration of Alexander Berk [Dkt. No. 48];

- Defendants Uplift Education and Shaquela Ford's Motion to Strike Plaintiff's Notice of Evidentiary Inconsistencies [Dkt. No. 51];

- Ray-Sampson's Second Amended Complaint [Dkt. No. 55], which the Court construes as a motion for leave to file amended complaint; and

- Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative Motion for Summary Judgment [Dkt. No. 59].

For the reasons explained below, the Court TERMINATES the Motion for Partial Summary Judgment [Dkt. No. 36] and motions to strike [Dkt. Nos. 48 & 51]

- 1 -

as moot, and it GRANTS the construed motion for leave to file Second Amended Complaint [Dkt. No. 55].

And the Court STAYS discovery proceedings in this case until it rules on the Motion to Dismiss [Dkt. No. 59].

## I.    Motion for Summary Judgment and Motions to Strike

On April 28, 2025, Defendants moved to dismiss Ray-Sampson's original complaint. *See* Dkt. No. 15. And, on February 3, 2026, the undersigned entered its findings, conclusions, and recommendation that the Court should grant in part and deny in part the motion to dismiss and grant Ray-Sampson leave to amend her complaint. *See* Dkt. No. 34 (the "FCR").

One day after the undersigned entered its FCR, but before the Court could accept or reject the FCR, Ray-Sampson filed her Motion for Partial Summary Judgment. *See* Dkt. No. 36. And, about two weeks later, she filed a Motion for Leave to File First Amended Complaint. *See* Dkt. No. 41.

In their response to the Motion for Partial Summary Judgment, Defendants submitted the declaration of Alexander Berk. *See* Dkt. No. 42. Ray-Sampson moved to strike portions of this declaration. *See* Dkt. No. 48. She also filed a Notice of Evidentiary Inconsistences Between Defendants' Discovery Responses and Declaration of Alexander Berk, *see* Dkt. No. 45, which Defendants moved to strike, *see* Dkt. No. 51.

On March 25, 2026, the Court accepted the FCR and granted Ray-Sampson leave to amend her complaint. *See* Dkt. No. 53. In doing so, the Court granted Ray-Sampson's pending Motion for Leave to File First Amended Complaint [Dkt. No. 41].

But the Motion for Partial Summary Judgment was based on the original complaint, which was no longer the live complaint. *See* Dkt. No. 36.

And, so, the Motion for Partial Summary Judgment [Dkt. No. 36], and the related motions to strike [Dkt. Nos. 48 & 51], are now moot.

And the Court TERMINATES these motions. *See Hagar v. Fed. Bureau of Investigation*, ___ F.4th ___, No. 25-40188, 2026 WL 828293, at *3 (5th Cir. March 26, 2026) (finding an order that terminates a motion for summary judgment as moot "to be a proper exercise of the magistrate judge's pretrial docket-management authority").

## II.  <u>Second Amended Complaint and Motion to Dismiss Second Amended Complaint</u>

Five days after the Court accepted the FCR and granted Ray-Sampson's Motion for Leave to File First Amended Complaint, *see* Dkt. No. 53, Ray-Sampson filed a Second Amended Complaint, *see* Dkt. No. 55.

And Defendants moved to dismiss the Second Amended Complaint. *See* Dkt. No. 59.

The Court granted Ray-Sampson leave to file her First Amended Complaint, so her Second Amended Complaint was filed without leave. But the Court, to the extent necessary, construes her filing as a motion for leave to file Second Amended

Complaint. *See* Dkt. No. 55 ("Please accept for filing Plaintiff's Second Amended Complaint in the above-referenced matter.").

And the Court GRANTS Ray-Sampson's construed motion for leave [Dkt. No. 55] under Federal Rule of Civil Procedure 15(a) and accepts the Second Amended Complaint as the live complaint. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.")

Defendants' Motion to Dismiss [Dkt. No. 59] will, per its own terms, be applied to the live Second Amended Complaint [Dkt. No. 55].

### III.   Stay of Discovery

A "district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

"[C]ourts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion because this alone falls short of demonstrating good cause." *X Corp. v. Media Matters for Am.*, No. 4:23-cv-1175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (further noting that, "[o]nly upon a sufficient showing of good cause will this court deviate from its usual practice by exercising discretion to stay discovery" and ultimately denying the renewed motion to stay discovery in that case (cleaned up)).

> In particular, "[t]he Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending," but "[s]uch a stay is not [ ] automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL

7183942, at *1 (N.D. Tex. Dec. 17, 2014) (internal quotation marks omitted). "[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" [Defendants' motion] to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

But a stay of discovery may be appropriate where a pending motion seeks to dispose of a lawsuit based on a legal question "where discovery would not be useful to [its] resolution." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (per curiam) ("We have previously held that where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant [a motion to stay discovery]. … As we have previously said, it would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." (cleaned up)).

Here, Defendants' Motion to Dismiss is based partly on questions of law. *See* Dkt. No. 59. They argue that (1) Ray-Sampson's "newly asserted Americans with Disabilities Act 'ADA' claims are procedurally barred for failure to exhaust administrative remedies"; (2) her "Second Amended Complaint improperly expands the scope of her pleadings beyond the leave granted by the Court, which authorized

only amendment of the ADEA and wrongful termination claims, and did not authorize entirely new causes of action under the ADA"; and (3) her "wrongful termination claim remains legally deficient as Plaintiff has not identified a cognizable statutory or common-law basis for such a claim under Texas law." *Id.* at 1-2.

And, so, although the mere pendency of – or the contemplated filing of – a motion to dismiss, is not enough to justify a stay of discovery, resolution of many claims in this case will not be assisted by discovery.

Under these circumstances, "it would be wasteful to allow discovery on all issues raised in a broad complaint when ... the case [may] not reach a determination on those merits." *Sapp*, 406 F. App'x at 870.

The Court now STAYS all discovery and discovery motion practice pending the final decision on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative Motion for Summary Judgment [Dkt. No. 59].

If necessary, upon the disposition of these motions, the Court will enter an amended scheduling order modifying the deadlines in this case.

This order does not amend or otherwise affect the deadlines set forth in the Court's Order Setting Briefing Schedule on the Motion to Dismiss [Dkt. No. 60].

SO ORDERED.

DATED: April 16, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE